# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **VANESSA CARTER,** | : |
| Plaintiff, | : |
| | : Civil Action No. 5:06-CV-00030(HL) |
| v. | : |
| **MACON MANOR NRC, LLC D/B/A MACON MANOR NURSING AND REHABILITATION CENTER,** | : |
| Defendant. | : |

## ORDER

Before the Court is Plaintiff's Motion for Entry of Judgment by Default (Doc. 6) in which Plaintiff requests that the Clerk enter a default judgment against Defendant pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. The Court, having given due consideration to the allegations of the complaint and the Motion, finds that Plaintiff is not entitled to have the Clerk enter a judgment by default. Accordingly, as fully explained herein, Plaintiff's Motion is denied.

Plaintiff, Vanessa Carter, filed suit against Defendant, Macon Manor Nursing and Rehabilitation Center, LLC., alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000(e) to 2000(e)-17 (West 2000), on January 26, 2006. Although Defendant was served on February 7, 2006, Defendant did not file an answer or otherwise make an appearance in this case prior to November 2, 2006. As a result, Plaintiff moved for a Clerk's entry of default in accordance with Federal Rule of Civil Procedure 55(a) on April 6, 2006. The Clerk's office entered Defendant's default on the docket on April 6, 2006. On August 21, 2006, Plaintiff moved for a Clerk's entry of default judgment against Defendant pursuant to Federal Rule of Civil Procedure

55(b)(1). Plaintiff is seeking damages in the amount of $1,009,569.00, which includes compensatory damages in the amount of $250,000.00, punitive damages in the amount of $750,000.00, back pay and all leave lost in the amount of $9,294.00, and litigation costs in the amount of $275.00. Plaintiff is also seeking attorney fees in the amount of $336,523.00.

For default judgment to be entered by the Clerk, the alleged damages must be either for a "sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). Damages are "sum certain" when they are for a liquidated amount. United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) (per curium). Unliquidated damages may only be awarded without a hearing "if the record accurately reflects the basis for award . . . 'by detailed affidavits establishing the necessary facts.'" Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting United Artists Corp., 605 F.2d at 857). It is not sufficient to simply request a specific amount, rather the amount must be "reasonable under the circumstances." Patray v. Nw. Publ'g., Inc., 931 F. Supp. 865, 869 (S.D. Ga. 1996). Further, punitive damages are awarded by the Court after an assessment of the alleged wanton and willful conduct and therefore cannot be a sum certain or awarded without a hearing. Flaks v. Koegel, 504 F.2d 702, 707 (2nd Cir. 1974).

Here, Plaintiff's damage amount includes compensatory, and punitive damages as well as damages for back pay, leave lost, and litigation costs totaling $1,009,569.00. (Pl.'s Aff. Supp. Mot. 3.) There is not a supporting affidavit from Plaintiff, only from Plaintiff's attorney. Furthermore, the affidavit provided simply alleges the amount of damages without supporting the amount specifically or to a calculable amount. As to the punitive damages alleged, they are cannot be alleged specifically or to a calculable amount. The alleged damages are also not liquidated.

Therefore, the Court finds that the Plaintiff's claimed damages are neither for a "sum certain," nor for a "sum which can by computation be made certain." As to the $1,009,569.00 in damages sought, a hearing would be necessary to determine the appropriateness of the amount. Accordingly, Plaintiff's unsupported damage claim precludes entry of default judgment by the Clerk.

In addition, Rule 55(b)(1) does not allow an award of attorney fees as part of a default judgment entered by the clerk. <u>Hunt v. Inter-Globe Energy, Inc.</u>, 770 F.2d 145, 148 (10th Cir. 1985). Attorney fees are simply not a sum certain and therefore bar entry of judgment by the Clerk. <u>Chemtall, Inc. v. Citi-Chem, Inc.</u>, 992 F. Supp. 1390, 1412 (S.D. Ga. 1998). As Plaintiff is seeking attorney fees in the amount of $336,523.00 (Pl.'s Aff. Supp. Mot. 3), Plaintiff's request also precludes entry of default judgment by the Clerk.

In view of the foregoing, Plaintiff's Motion for Entry of Judgment by Default is denied. The Court notes Defendant has filed a Motion to Set Aside Default. If Defendant's default stands after the Court rules on Defendant's Motion, and Plaintiff desires an entry of judgment by default by the Court, she may file an appropriate motion, and a hearing will be scheduled as necessary to determine any unliquidated amounts or attorney fees which may be sought.

**SO ORDERED**, this the 27th day of March, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

eab