# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VANESSA CARTER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 5:06-cv-30 (HL) |
| MACON MANOR NRC, LLC d/b/a : | |
| MACON MANOR NURSING AND : | |
| REHABILITATION CENTER, : | |
| : | |
| Defendant. : | |

## ORDER

Before the Court is Defendant's Motion to Set Aside Entry of Default (Doc. 8), in which Defendant argues the Court should set aside the Clerk's Entry of Default, entered on April 6, 2006, pursuant to Rule 55 of the Federal Rules of Civil Procedure.

**I. FACTS**

Plaintiff Vanessa Carter instituted this action on January 26, 2006, by filing a Complaint alleging Defendant Macon Manor NRC, LLC D/B/A Macon Manor Nursing and Rehabilitation Center violated Title VII of the Civil Rights Act of 1964 by unlawfully terminating her employment. Defendant's registered agent was subsequently served on February 7, 2006. On April 4, 2006, Plaintiff moved to have the Clerk enter a default against Defendant for failure to answer the Complaint within

the required time.

Although Defendant acknowledges that its registered agent was properly served as alleged by Plaintiff, Defendant states management was not aware of the pending lawsuit until some time in October of 2006. At that time, Defendant informed Plaintiff's counsel that Defendant was not the correct party in this action as Defendant had never employed Plaintiff. According to Defendant, Plaintiff was employed by another company, which secured a sub-lease from Defendant to operate the rehabilitation center in question. After an unsuccessful attempt at resolving this matter without the Court's intervention, Defendant filed its Answer as well as a Motion to Set Aside Entry of Default on November 2, 2006.

Defendant argues that the Clerk's entry of default should be set aside because (1) Defendant has a meritorious defense, (2) setting aside the default will not prejudice Plaintiff, and (3) Defendant's default was not willful. First, Defendant argues that as it never employed Plaintiff, it cannot be held liable for employment discrimination. Defendant submits various government records showing Plaintiff was actually employed by another company, which sublet the rehabilitation center from Defendant. Second, Defendant argues that it is in Plaintiff's best interest to set aside the default as Plaintiff may otherwise be barred from seeking compensation from the proper entity. Third, Defendant asserts its failure to timely answer the lawsuit was not willful because it had no actual knowledge of the lawsuit until October of 2006. According to

Defendant, its registered agent failed to notify management of the pending lawsuit in a timely manner.

In response, Plaintiff argues Defendant is the proper party to this lawsuit because of its relationship to the owner and operator of Macon Manor Nursing and Rehabilitation Center. Plaintiff alleges Defendant and the company subletting the rehabilitation center are cooperating with each other to avoid possible liability. Plaintiff also argues that her claims were prejudiced by Defendant's failure to timely file an answer as Defendant was ordered to vacate the rehabilitation center on December 5, 2005. As a result, Plaintiff contends that relevant documents, records, and witnesses will be difficult, if not impossible, to obtain. Finally, Plaintiff states Defendant has a history of failing to timely respond to legal documents and argues that Defendant's failure to respond should not be viewed as excusable neglect.

## II. ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. Pro. 55(c). Although there is no precise formula for "good cause," courts generally employ several uniform factors in determining whether a party in default has made the requisite showing. Relevant factors include the following: (1) "whether the default was culpable or willful," (2) "whether setting [the default] aside would prejudice the adversary," (3) "whether the defaulting party presents a meritorious defense," (4) "whether the public

interest [is] implicated," (5) "whether there was significant financial loss to the defaulting party," and (6) "whether the defaulting party acted promptly to correct the default." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir.1996).

In addition, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). Therefore, "[d]efaults are reserved for rare occasions and when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Stone v. City of Mobile, 2007 WL 505057, * 1 (S.D. Ala. 2007) (quoting Canfield v. VSH Restaurant Corp., 162 F.R.D. 431, 434 (N.D.N.Y.1995)).

In this case, the Court finds good cause to grant Defendant's Motion to Set Aside Entry of Default. Although Defendant was arguably negligent in failing to ensure that its registered agent promptly notified management of pending lawsuits, Defendant's failure to respond to Plaintiff's Complaint was clearly not culpable or willful. In fact, after learning of the pending lawsuit, Defendant acted promptly to resolve the issue. Defendant has not only proffered a meritorious defense, but has also supported that defense with evidence. Finally, while Plaintiff argues Defendant's delay resulted in the loss of relevant documents and records when Defendant was ordered to relinquish possession of the rehabilitation center, the Court notes Plaintiff's complaint

was filed over a month after Defendant vacated the center. Thus, any prejudice suffered by Plaintiff when Defendant vacated the center was not cause by Defendant's failure to timely answer.

**III. CONCLUSION**

For the reasons expressed herein, Defendant's Motion to Set Aside Entry of Default (Doc. 8) is granted and the Clerk's Entry of Default, entered on April 6, 2006, is set aside.

**SO ORDERED**, this the 23rd day of May, 2007.

<u>**/s/ Hugh Lawson**</u>
**HUGH LAWSON, Judge**

scs